# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VINCENT EASLEY, #364-827, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-13-241 |
| MARYLAND DIVISION OF CORRECTIONS | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM

After receiving state prisoner Vincent Easley's motion wherein he stated he was in danger and sought injunctive relief (ECF No. 1), the court directed the Maryland Attorney General to file a show cause response. ECF No. 2. The court noted counsel's response would constitute neither acceptance on behalf of any named defendants, nor waiver of any arguable defenses. The Maryland Attorney General responded (ECF Nos. 13, 30, 41 & 47) and plaintiff replied. ECF Nos. 21, 32, 44, and 45.[1] Upon review of papers filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

For the following reasons, the court finds emergency injunctive relief is unwarranted and will be DENIED. Easley will be granted twenty-eight days to inform the court whether he wants to continue consideration of the claims in the complaint or withdraw this case.

### I. BACKGROUND

Easley, a self-represented inmate, filed the instant complaint alleging that he has been retaliated against for filing a civil rights complaint regarding a motor vehicle accident involving a Division of Correction ("DOC") vehicle. ECF No. 1. Easley states he was transferred to the

---

[1] Plaintiff subsequently filed several additional motions for injunctive relief. *See* ECF Nos. 11, 12, 16 & 34. Also pending is defendants' motion to seal responses. ECF No. 48. The motion to seal shall be granted.

Western Correctional Institution ("WCI"). He claims that on September 28, 2012, he was moved by Case Manager James Tichnell to the special housing unit housing and placed on administrative segregation. Easley states that he asked Tichnell to help him secure protective custody housing.

Easley further alleges that a photo was placed over the top of his cell door with the word "alert." He claims that this exposed him to a risk of harm from other inmates as it advertised that he had enemies within the institution. In addition, Easley alleges that the tier officer assigned a known gang member to his cell and that on December 22, 2012, that cellmate pulled out a knife and threatened him. Easley was subsequently moved to another cell.

Easley states that on January 16, 2013, he went before the institutional review board. Case Manager Wilson stated that they did not believe him about the threat from his cellmate and there was no evidence to prove there was a threat to his life. He was advised he would be returned to general population.

Easley states that there is evidence that he has a problem with the "Blooded gang" and that his base file indicates "No STG," which he interprets to mean "no gang members." Easley states that correctional staff have refused to place him on protective custody when they know he had has two altercation with "blooded" members.

Plaintiff seeks a court order requiring his assignment to protective custody or transfer to another facility. The court is in receipt of correspondence from plaintiff in which he states that on June 7, 2013, he was transferred from WCI to the Maryland Correctional Institution-Hagerstown. ECF No. 50.

## II. STANDARD OF REVIEW

A preliminary injunction is an extraordinary and drastic remedy, s*ee Munaf v. Geren*, 553 U.S. 674, 689-90 (2008), requiring a movant to demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States v. Hardy,* 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). "'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Id.* (quoting *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974)). An actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). Where developments occur during the course of a case which prevent the court from being able to grant the requested relief, the case must be dismissed. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained…" *See Lewis v. Continental Bank* Corp, 494 U.S. 472, 480 (1990).

In the context of the claims here, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)*; Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)*; see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear that plaintiff is no longer housed at WCI, but rather has been transferred to MCI-H and appears to have been granted protective custody status, is requests for injunctive relief have been rendered moot.

Easley is presumably held on protective custody status, as he claims that he has been denied a job assignment that would enable him to earn diminution of confinement credits. He complains that all other protective custody inmates are able to earn diminution credits. He seeks the court's intervention in the earning of credits. To show a civil rights violation with respect to a prison job assignment, plaintiff would have to show that the actions taken against him have an impact on the exercise of a constitutionally protected right. Prisoners, however, do not have a constitutionally protected right to work while incarcerated, or to remain in a particular job once assigned. *See Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992); *Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978). Further, lack of opportunity to earn diminution credits is not an atypical or significant hardship. *See Bulger v. United Sates Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995). Thus, plaintiff's placement and retention on administrative segregation and/or protective custody, and its limitation on his ability to earn diminution credits, does not amount to a violation of a constitutionally protected right. It follows that he has not shown irreparable

harm or a likelihood of success on the merits as to a complaint concerning his lack of opportunity to work.

## III. CONCLUSION

Absent demonstration by Easley that emergency injunctive relief is warranted, the court will deny his request for relief by separate order and grant him twenty-eight days to state whether he wants to proceed on his claims. He may also provide supplemental information in support of his claims within this time period. A separate order follows.

July 1, 2013  /s/
Date  Ellen Lipton Hollander
 United States District Judge